Michael B. HERNANDEZ, Plaintiff,

v.

John H. POWELL, Chairman, Equal Employment Opportunity Commission, Defendant.

Civ. A. No. CA 3–5913–C.

United States District Court, N. D. Texas, Dallas Division.

Jan. 17, 1977.

Frank P. Hernandez, Hernandez, Inc., Dallas, Tex., for plaintiff.

Abner W. Sibal, Gen. Counsel, Constance L. Dupre, Assoc., John J. Pagano, Supervisory Atty., Washington, D.C., Stuart Frisch, Atty., Bethesda, Md., Equal Employment Opportunity Commission, for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff, an employee of the Equal Employment Opportunity Commission, brings this action against the Commission claiming damages under 42 U.S.C. § 2000e *et seq.*, the Equal Employment Opportunity Act. An employee of the Commission since 1966, Plaintiff claims that the Defendant Commission discriminated against him because of his national origin, Mexican-American, in passing over him for various promotions. For the reasons outlined below, this court is of the opinion that Plaintiff was the victim of unlawful discrimination, that such discrimination prevented Plaintiff's selection in 1971 to the position of Houston District Director, and that Plaintiff is entitled to a promotion to GS-14/6, to lost wages, and to reasonable attorney's fees and costs of court.

Plaintiff is a Spanish-Surnamed American (SSA) born in Mexico who, after an impressive career as a United States Army Officer, pursued his educational opportunities and earned a Ph.D. degree from the University of Texas. While engaging in his doctoral studies, Plaintiff began to work on a part-time basis for the Defendant Commission on November 14, 1966 at the GS-11/1 level. On October 22, 1967, he commenced full-time employment with Defendant and was elevated to the GS-13/1 level.

Working in the Austin Regional Office of the Commission, Plaintiff, because of his reputation and abilities, was frequently called upon by Commissioner Ximenes of the Equal Employment Opportunity Commission to perform special high level assignments involving United States relation with the Mexican government as well as domestic programs affecting SSA's. These assignments were forwarded to Plaintiff through regular Commission channels and were carried out by Plaintiff in addition to his normal duties as a Commission investigator. Evidence presented at trial indicates that Plaintiff handled all of his many special assignments in an exemplary manner.

Throughout this period, the Commission was in its early days as a government agency and the organization and management of the agency was extremely unstructured. Typical of the administrative shortcomings of the Commission in those early years was the failure to follow prescribed promotional policies. These and other problems were described in a report prepared by the Bureau of Personnel Management Evaluation of the United States Civil Service Commission covering the period from 1969 to March of 1973. This report, prepared in accordance with the Equal Employment Opportunity Act of 1972, found among other things that the Commission lacked effective leadership and action to insure internal equal employment opportunity, that the Commission did not follow its own Merit Promotion Plan, that Commission employees did not receive equal consideration for promotional opportunities, and that Commission supervisors did not evaluate and counsel employees regarding job performance.

This overall picture of the Commission seems accurate if not understated with respect to conditions in the Commission's Austin Regional Office where Plaintiff was assigned. Evidence presented at trial indicates that the Austin Regional Office was an exceedingly unstructured and haphazard operation, an administrative jungle where little effort was made to evaluate and promote employees on an objective basis. The circumstances were such that employees' career progress depended more upon their personal relationship with the Regional Director than upon their job performance. This setting was conducive to discrimination and such discrimination did, in fact, occur.

On three occasions in 1971, the Executive Director of the Equal Employment Opportunity Commission, Defendant's chief administrative officer, prepared analyses and findings in connection with charges of dis-

crimination filed by Commission employees in the Austin Regional Office. In all three instances, the Executive Director of the Commission found that discriminatory practices had occurred. Two of these charges involved SSA's. One of these, Esequial Guavara, filed charges substantially similar to those of Plaintiff here: that he was the victim of unlawful discrimination due to his national origin—Mexican-American. The Executive Director found that Guavara was indeed the victim of disparate treatment at the hands of the Regional Director and also found that the productivity of Commission employees was not evaluated in any acceptable or reliable manner.

In that same year, 1971, Plaintiff applied for the position of Director of the Houston District Office, a position carrying with it a GS–14 grade level. In selecting a person to fill this position, the Washington Equal Employment Opportunity Commission office required that applicants' job evaluations be submitted. Because the Austin Regional Office conducted no regular employee evaluations, the Regional Director apparently telephoned his evaluations to the Washington personnel office.

The two leading applicants from the Austin Regional Office for the Houston job were Herbert McClees, a White male who was a friend of the Regional Director, and Plaintiff. McClees was first employed by the Commission in 1968. The Regional Director gave McClees a very favorable performance rating, but ranked Plaintiff low in virtually every category. Plaintiff was not advised of this evaluation at the time. When the final decision was made, McClees was selected for the Houston job and Plaintiff was rejected. Upon his next evaluation, by a new Regional Director, Plaintiff received a "Superior" or "Very Good" rating in every performance category.

Based on all the evidence, this court finds that Plaintiff was a competent and productive investigator, that he also carried out numerous special assignments for which he received no credit, and that he was better qualified by education, experience and leadership ability for the job of Director of the Houston District Office than was the individual who received the appointment.

In summary, there was a setting conducive to discriminatory practices; Defendant's own chief executive officer had found discrimination based on national origin involving two other SSA's in the same office at approximately the same time; Plaintiff, a member of a protected minority, applied for a promotion and was rejected in favor of a White male; and Plaintiff was better qualified for the promotion than was the individual who was promoted. Taken together, these findings make out a *prima facie* case of discrimination, *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff's case was not effectively rebutted by Defendant.

As the victim of discrimination, Plaintiff is entitled to a promotion to grade GS–14. While we are unwilling to speculate as to further promotions that Plaintiff might have earned if he had received the Houston District Directorship in 1971, we do believe the evidence establishes that he would have received regular within-grade step raises and that he would now be a GS–14/6. Plaintiff is, therefore, entitled to lost wages based on the difference between the salary he actually earned and that salary he would have earned had he received the grade and step increases as indicated. Further, Plaintiff is entitled to reasonable attorney's fees and costs of this action.

Plaintiff is requested to prepare and submit an appropriate form of judgment. The parties are directed to confer regarding the amount of attorney's fees to determine whether an amount can be stipulated or whether a hearing should be scheduled so that the court can determine the amount.